IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NORMA GONZALES**,

    Plaintiff,

vs.          No. **CIV-04-665 MCA/RHS**

**THE UNITED STATES OF AMERICA,
ROLANDO LINDO, M.D., MICHAEL A.
ROWLEY, M.D., and LA CASA de BUENA
SALUD, INC.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Michael A. Rowley M.D.'s *Motion to Reconsider* [Doc. 31], filed April 7, 2005. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies the motion.

## I. BACKGROUND

On June 19, 2002, Plaintiff Norma Gonzales delivered a baby by cesarean section. Rolando Lindo, M.D., an employee of a health care facility receiving federal funds, performed the procedure. Gonzales alleges that during the procedure, Lindo left a surgical sponge in her peritoneal cavity. [Doc. 1 at ¶¶ 2, 3, 8, 9]. Accordingly, Gonzales filed her *Complaint for Damages* against the United States of America, Dr. Lindo, and La Casa de Buena Salud, Inc. pursuant to the Federal Tort Claims Act. [See generally id.]. Gonzales

also named as a defendant Michael A. Rowley, M.D., a radiologist.  Gonzales alleged that Rowley's negligence in properly interpreting x-rays of her abdomen and his failure to identify the nature and location of the sponge delayed its removal, causing the removal to be more difficult and post-surgical adhesions to be more severe.  [Id. at ¶¶ 16-18].

On September 20, 2004, Dr. Lindo and La Casa de Buena were dismissed from the case, leaving the United States as the sole remaining federal defendant.  [See Doc. 15].  Dr. Rowley then moved for summary judgment on the ground that Gonzales had failed to comply with discovery deadlines relating to the production of expert witness reports. According to Dr. Rowley, absent such a report, no facts were in dispute, Gonzalez was unable to establish a prima facie case of medical malpractice, and summary judgment in his favor was appropriate. [See generally  Doc. 25].

Without responding to Dr. Rowley's summary-judgment motion, Gonzales moved to dismiss the case without prejudice for lack of subject matter jurisdiction.  [Doc. 27]. Gonzales asserted that because all claims against the United States had been resolved and the claims against Dr. Rowley were supplemental to the federal claims, the case should be dismissed from federal court and refiled in state court. [Id.].  On April 1, 2004, this Court entered its *Order to Dismiss Without Prejudice for Lack of Subject Matter Jurisdiction.* [Doc. 30].

Dr. Rowley then filed his *Motion to Reconsider* on grounds that (1) Gonzales's motion to dismiss misrepresented to the Court that it lacked subject matter jurisdiction, and (2) the Court granted the motion without first allowing Dr. Rowley an opportunity to

2

demonstrate the compelling reasons the Court should exercise supplemental jurisdiction over his claims. [Docs. 31, 34]. The thrust of Dr. Rowley's argument is that he should no longer be a party to this case. [See Doc. 34 at 3, "The more significant issue of prejudice is that this Defendant should be out of this case."]. Dr. Rowley asks the Court to exercise its supplemental jurisdiction over the claims against him because (1) he has spent a great deal of time and energy on those claims, (2) dismissal of the action while his summary-judgment motion is pending is highly prejudicial to his efforts to defend against Gonzales's allegations, and (3) to dismiss the case where Dr. Rowley has complied with discovery deadlines and Gonzales has failed to do so would punish Dr. Rowley's obedience while rewarding Gonzales's noncompliance. [See Doc. 31].

Gonzales responds that because the remaining claims in this matter are all based on state law, it is appropriate that they be tried in state court. Gonzales notes that the normal course of action when no federal claims remain is for the matter to be dismissed. Finally, Gonzales challenges Dr. Rowley's assertion that he will be severely prejudiced by dismissal and submits that any substantive work already done on the issue will be applicable in the state-court case. [See Doc. 32].

## II. ANALYSIS

In any civil action in which a district court has original jurisdiction, it also "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). However, [t]he district court[] may decline to exercise supplemental

jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3).  Retention of supplemental jurisdiction is discretionary.  Indeed, the Tenth Circuit has held that "when a district court dismisses the federal claims, leaving only supplemented state claims, the most common response has been to dismiss the state claim or claims without prejudice." Villalpando ex rel. Villalpando v. Denver Health and Hosp. Auth., 65 Fed.Appx. 683, 688 (10th Cir. 2003) (*quoting* United States v. Botefuhr, 309 F.3d 1263, 1273 (10th Cir. 2002). While it is appropriate for the district court to exercise its supplemental jurisdiction over state claims after dismissing all federal claims when the parties have already expended a great deal of time and energy on the state law claims, if the parties make no such showing the state-law claims should normally be dismissed.  Villalpando ex rel. Villalpando, 65 Fed.Appx. at 688.  "Courts should be cautious when exercising supplemental jurisdiction over state law claims because notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."  Id.  (internal quotations omitted).

As stated above, this matter comes to the Court on Dr. Rowley's *Motion to Reconsider*.  [See Doc. 31].  The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration."  Instead, depending on when the motion is filed,

it is treated either as a Rule 59(e)[1] motion to alter or amend the judgment or a Rule 60(b)[2] motion for relief from the judgment. Computerized Thermal Imaging, Inc. 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). In this case, because Dr. Rowley filed his motion on April 7, 2005, within ten days of the entry on the docket of the Court's order of dismissal, Dr. Rowley's motion is treated as one brought pursuant to Rule 59(e). See id.; see also Fed.R.Civ.P. 6(a) (explaining computation of time periods under Rules).

"A motion for reconsideration is an extreme remedy to be granted in rare circumstances." Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 944 (10th Cir. 1995). The decision to grant reconsideration is committed to the sound discretion of the district court, which, in exercising that discretion, considers whether there has been (1) an intervening change in the law, (2) new evidence, or (3) the need to correct clear error or to prevent manifest injustice. Id. Thus, a motion for reconsideration may be appropriate where the district court has misapprehended the facts, a party's position, or the controlling law. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

In this case, Dr. Rowley argues neither that there has been an intervening change in the law nor that he has uncovered relevant new evidence. Rather, he submits that [t]he Order stating that the Court lacks subject matter [jurisdiction] is . . . in error[]" and that he will be

---

[1] A motion filed within ten days of the district court's entry of judgment is treated as a motion to alter or amend the judgment under Rule 59(e). Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

[2] A motion filed more than ten days after entry of judgment is treated as a motion for relief from judgment under Rule 60(b). Computerized Thermal Imaging, Inc., 312 F.3d at 1296 n.3.

severely prejudiced if the dismissal is allowed to stand. [Doc. 31]. The Court, however, is not persuaded that the circumstances of this case justify the rarely granted and extreme remedy sought. See Brumark Corp., 57 F.3d at 944. First, while it is not disputed that there has been some degree of work done on the state-law claims in the discovery phases of this case, Dr. Rowley has not demonstrated that he has expended such time and energy such that there now exists a compelling reason for the Court to retain and exercise its supplemental jurisdiction. See Villalpando ex rel. Villalpando, 65 Fed.Appx. at 688. This action was dismissed without prejudice to its refiling in state court and has been so refiled. [See Docs. 27, 30]. Presumably, the work that Dr. Rowley has done on his state-law claims in this Court will translate to and be applicable in the state court that hears the case. Additionally, as Gonzales has resolved her claims against the United States, the sole federal defendant, only state-law claims remains and there is no reason for this case to be in federal court. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (setting forth factors to be considered before granting voluntary motion to dismiss without prejudice under Fed.R.Civ.P. 41(a)(2)). Because a state court is the better forum to consider the claims remaining in this case, this Court declines to reconsider its order of dismissal.

### III. CONCLUSION

For the reasons set forth above, Dr. Rowley's motion is denied.

**IT IS, THEREFORE, ORDERED** that Defendant Michael A. Rowley M.D.'s *Motion to Reconsider* [Doc. 31] is DENIED.

**SO ORDERED** this 31st day of May, 2005, in Albuquerque, New Mexico.

                                              **M. CHRISTINA ARMIJO**
                                              United States District Judge